IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 13-05-H-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ANTONIO MATHIAS PETERSEN, | |
| Defendant. | |

## I. Synopsis

Defendant Antonio Mathias Petersen (Petersen) has been accused of violating the conditions of his supervised release. Petersen denied the alleged violation. The government satisfied its burden of proof with respect to the alleged violation. Petersen's supervised release should be revoked. Petersen should be placed in custody for 6 months, with no supervised release to follow.

## II. Status

Petersen pleaded guilty to Social Security fraud on April 17, 2013. (Doc. 17). The Court sentenced Petersen to 15 months of custody, followed by 3 years of supervised release. (Doc. 21). Petersen's current term of supervised release began on September 25, 2020. (Doc. 70 at 2).

**Petition**

The United States Probation Office filed a Petition on August 3, 2021, requesting that the Court revoke Petersen's supervised release. (Doc. 70). The Petition alleges that Petersen violated the conditions of his supervised release by failing to successfully complete his mental health treatment program. (Doc. 70 at 3).

**Initial appearance**

Petersen appeared before the undersigned for his initial appearance on October 26, 2021. Petersen was represented by counsel. Petersen stated that he had read the petition and that he understood the allegations. Petersen waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 13-05-H-BMM on December 7, 2021. Petersen denied the alleged violation. The government satisfied its burden of proof with respect to the alleged violation. The violation is serious and warrants revocation of Petersen's supervised release.

Petersen's violation is a Grade C violation. Petersen's criminal history category is III. Petersen's underlying offense is a Class D felony. Petersen could

be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 16 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Petersen's supervised release should be revoked. Petersen should be incarcerated for 6 months, with no months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Petersen that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Petersen of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Petersen that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Petersen stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Antonio Mathias Petersen violated the conditions of his supervised release by failing to successfully complete his mental health treatment program.

The Court **RECOMMENDS:**

That the District Court should revoke Petersen's supervised release and commit Petersen to the custody of the United States Bureau of Prisons for 6 months, with no supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 13-05-H-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 8th day of December, 2021.

John Johnston
United States Magistrate Judge